[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-12629

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMARR RASHAUN JOHNSON,
a.k.a. Two Head,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:98-cr-00099-KD-S-1,

1:98-cr-00158-KD-M-1

_____

Before WILSON, GRANT, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Jamarr Johnson, a federal prisoner at FCI Pollock, appeals the district court's denial of his *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We find no error in the district court's order denying Defendant's motion, and thus affirm.

## BACKGROUND

In 1998, Defendant was charged with multiple federal offenses related to a series of carjackings in which he participated as the getaway driver. He was indicted and convicted by a jury of five counts of conspiracy to commit carjacking in violation of 18 U.S.C. § 371, five counts of substantive carjacking in violation of 18 U.S.C. § 2119, and five counts of knowingly using a firearm in relation to a crime of violence (the carjackings), in violation of 18 U.S.C. § 924(c). The district court sentenced Defendant in 1999 to serve a total of 1,208 months in prison. The sentence was comprised of a 60-month term for each conspiracy conviction and a 188-month term for each substantive carjacking conviction, which terms were to be served concurrently, followed by a 60-month term for the first § 924(c) conviction and four 240-month terms as to each of the remaining § 924(c) convictions, to be served consecutively to each other and consecutively to all other counts of conviction.

Defendant appealed his convictions and sentence, and this Court affirmed after granting an *Anders*[1] motion filed by his attorney. Defendant filed several post-conviction motions, all of which were denied or dismissed by the district court. Then, in December 2019, Defendant filed the present motion for compassionate release pursuant to 18 U.S.C. § 3582(c). As amended by the First Step Act of 2018 (the "First Step Act"), § 3582(c) authorizes a district court to reduce a defendant's sentence if the reduction is warranted by "extraordinary and compelling reasons" and consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) and the applicable Guidelines policy statement. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[2]

In support of his motion, Defendant argued that he was entitled to relief under § 3582(c) because of the unduly harsh length of his sentence, which resulted from "stacking" his second, third, fourth, and fifth § 924(c) convictions so that he received enhanced, consecutive 240-month sentences for each of those convictions. The First Step Act amended § 924(c) to eliminate stacking sentences for § 924(c) convictions in that manner, meaning that Defendant would receive significantly less than 1,208 months if he were sentenced for the same offenses today. *See* First Step Act § 403(a). Defendant acknowledged that the First Step Act's

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] The statute also includes a provision authorizing a sentence reduction under certain circumstances if "the defendant is at least 70 years of age" but it is undisputed that provision does not apply here. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

amendment to § 924(c) to eliminate stacking was not retroactive and thus did not directly apply to him. Nevertheless, Defendant argued that the disparity between the sentence he received in 1999 and the sentence he would receive for the same offenses today qualified as an "extraordinary and compelling" reason for the court to reduce his sentence pursuant to § 3582(c). Defendant cited his age when he committed the underlying offenses, his community support, and his rehabilitative efforts in prison as additional reasons for the court to grant relief under § 3582(c).

Defendant subsequently filed a second motion for compassionate release under § 3582(c), as well as several addendums to both motions, in which he reasserted his initial arguments and submitted letters of community support and certificates showing his participation in various prison programs. In addition, Defendant filed a motion for appointment of counsel and a motion asking the district court to hold an evidentiary hearing on his § 3582(c) motion.

The district court denied Defendant's motions for appointment of counsel and an evidentiary hearing, and likewise denied his substantive motion for compassionate release under § 3582(c). Regarding his motion for appointment of counsel, the court noted that Defendant did not have a constitutional or statutory right to counsel and it declined to exercise its discretion to appoint counsel, concluding that the grounds for Defendant's motion were "not so factually and legally complex or exceptional to warrant" such an appointment. Likewise, the court determined that an evidentiary

hearing or oral argument was not necessary to resolve Defendant's motion, as there were no issues of fact to determine and Defendant had ample opportunity to present his arguments and supporting exhibits in written briefing.

As to the § 3582(c) motion, the court first determined that Defendant had exhausted his available administrative remedies by submitting a written request to the warden of his institution seeking compassionate release and filing his motion with the court more than thirty days after the warden received his request.[3] The court then denied Defendant's motion on the merits, citing *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021), in which this Court held that the only extraordinary and compelling reasons that authorize a court to grant relief under § 3582(c) are those set out in the Guidelines policy statement—namely, a qualifying medical condition, the defendant's advanced age, and family circumstances requiring the defendant to be a caregiver to a minor child or spouse. Because Defendant did not argue that he qualified for relief on any of those grounds, the court concluded that his § 3582(c) motion should be denied.

---

[3] The Government argued that Defendant had failed to wait the requisite thirty days before filing his motion, but the court rejected that argument. The court assumed the warden received Defendant's written request for compassionate release on November 8, 2019, the date that appeared on the request, and it noted that Defendant filed his motion 42 days later, on December 16, 2019. The Government does not challenge on appeal the court's determination that Defendant exhausted his administrative remedies.

Defendant appeals, arguing that the district court abused its discretion by denying his motion for compassionate release. Defendant does not raise as an issue for appeal the court's denial of his motion for appointment of counsel and an evidentiary hearing, and we do not address those motions. Regarding Defendant's motion for compassionate release, we discern no error in the court's order and thus affirm its denial of the motion.

## DISCUSSION

We review de novo whether a defendant is eligible for compassionate release under § 3582(c). *United States v. Giron*, 15 F.4th 1343, 1345 (11th Cir. 2021). Once eligibility is established, we review the denial of a defendant's motion for compassionate release pursuant to § 3582(c) motion under the abuse of discretion standard. *See id.* "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021) (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (quotation marks omitted)). The abuse of discretion standard allows the district court a "range of choice" that we will not reverse "just because we might have come to a different conclusion had it been our call to make." *See id.* at 912 (quotation marks omitted).

As amended by the First Step Act, § 3582(c)(1)(A) authorizes the district court to grant a defendant's motion for compassionate release if the court finds that: (1) "extraordinary and compelling

reasons warrant" such relief and (2) the defendant's early release is consistent with the sentencing factors of § 3553(a) and the "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The relevant policy statement, found in U.S.S.G. § 1B1.13, echoes the statutory requirements, stating that a district court may grant a defendant's motion for compassionate release "if, after considering the factors set forth in . . . § 3553(a)," the court determines that: (1) "[e]xtraordinary and compelling reasons warrant" the defendant's release and (2) "[t]the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13. *See also Bryant*, 996 F.3d at 1248 (holding that "1B1.13 is an applicable policy statement for all [§ 3582(c)] motions" and that district courts do not have discretion "to develop other reasons that might justify a reduction in a defendant's sentence" (quotation marks omitted)); *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (listing three conditions for a sentence reduction under § 3582(c): support in the § 35553(a) factors, extraordinary and compelling reasons, and adherence to U.S.S.G. § 1B1.13's policy statement).

The applicable Guidelines policy statement, cited above, identifies three extraordinary and compelling reasons that can authorize a court to grant a motion for compassionate release under § 3582(c). *See* U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). First, a defendant's medical condition can give rise to an extraordinary and compelling reason for release if the defendant can show that he is suffering either from a "terminal illness" or a "serious physical or

medical condition" that "substantially diminishes [his] ability . . . to provide self-care" in prison and "from which he . . . is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A). Second, release is permitted under certain circumstances if the defendant is at least 65 years old. *See* U.S.S.G. § 1B1.13 cmt. n.1(B). And finally, a defendant's family circumstances can create an extraordinary and compelling reason for release based on the "death or incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13 cmt. n.1(C). The policy statement also contains a catch-all provision that allows the Bureau of Prisons ("BOP") to determine that there are other extraordinary and compelling reasons for a particular defendant's release, but this Court has held that only the BOP—as opposed to the court—has the authority to determine that release is warranted under that provision. *See Bryant*, 996 F.3d at 1263 ("We cannot replace the phrase '[a]s determined by the Director of the [BOP]' with 'as determined by a district court.'").

The district court correctly determined that Defendant does not meet the standard for compassionate release set out in any of the above provisions. Defendant makes no showing—indeed, he does not even argue—that he has a "terminal illness" or other "serious . . . condition" that "substantially" interferes with his ability to provide self-care in prison. *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Nor does he allege qualifying family circumstances under the

policy statement. *See* U.S.S.G. § 1B1.13 cmt. n.1(C). And, it is undisputed that Defendant is not 65 years old, meaning that the advanced age provision of the policy statement is likewise inapplicable. *See* U.S.S.G. § 1B1.13 cmt. n.1(B).

Contrary to Defendant's argument, the First Step Act's amendment to the sentencing provisions of § 924(c) does not authorize the court to grant his motion for compassionate release under § 3582(c). To give some context to Defendant's argument, § 924(c) states that, "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence" be sentenced to an additional, consecutive term of imprisonment. 18 U.S.C. § 924(c)(1)(A), (D)(ii). Section 924(c) provides for an enhanced mandatory minimum sentence for a second or subsequent conviction for using or carrying a firearm during a crime of violence, and it specifically requires that a term of imprisonment imposed under its provisions must run consecutively to "any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed." 18 U.S.C. §§ 924(c)(1)(C), (D)(ii).

Again, Defendant was convicted of five counts of using a firearm in relation to a crime of violence—that is, the five carjackings he was convicted of committing in 1998—in violation of 18 U.S.C. § 924(c). The version of § 924(c) that applied to Defendant

provided for a 60-month consecutive sentence for a defendant's first § 924(c) conviction and a 240-month consecutive sentence "[i]n the case of [the defendant's] second or subsequent" conviction under the statute. 18 U.S.C. § 924(c)(1) (effective October 1996 to November 1998).[4] Pursuant to that version of § 924(c), a defendant could be sentenced to multiple, consecutive 240-month sentences if more than one firearms offense was charged in the same indictment. *See United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019). And that is, in fact, what happened to Defendant: he was convicted in one trial of five violations of § 924(c) for using or possessing a firearm in furtherance of a string of five carjackings he committed, and he was sentenced to a 60-month term for the first § 924(c) conviction and to four 240-month terms for the remaining § 924(c) convictions, all of which terms were to be served consecutively to each other and consecutively to Defendant's sentences for the substantive offenses. "Stacking" Defendant's § 924(c) convictions in this manner resulted in a total sentence of 1,208 months (188/60 months for his five conspiracy and carjacking counts, plus 60 months for his first firearms conviction under § 924(c) and 240 months each for his four subsequent § 924(c) convictions).

As mentioned above, the First Step Act eliminated the practice of stacking enhanced mandatory consecutive terms for certain

---

[4] Section 924(c) was amended in November 1998 to provide for a 25-year mandatory enhanced sentence for a "second or subsequent" conviction. 18 U.S.C. § 924(c)(1) (1998).

§ 924(c) convictions. *See* First Step Act § 403(a). Specifically, § 403 of the First Step Act amended § 924(c) so that the mandatory minimum consecutive sentence applies only to a § 924(c) offense "that occurs after a prior conviction under [§ 924(c)] has become final." *See* 18 U.S.C. § 924(c)(1)(C) (2018). Per the amendment, a person like Defendant—that is, a person who is convicted of multiple § 924(c) offenses for the first time in a single prosecution—is not subject to an enhanced mandatory consecutive sentence for the second, and each successive, § 924(c) conviction after the first one. *See id.* Instead, a defendant is not subject to an enhanced sentence for a § 924(c) conviction unless he has a "prior conviction" under the statute that has already "become final" as of the date of his sentencing. *See id.* If Defendant were sentenced today, his sentence under the amended version of § 924(c) would include a 188/60-month concurrent term for the conspiracy and substantive carjacking counts, to be followed by five consecutive 60-month terms for each of the § 924(c) counts, for a total of 488 months instead of 1,208 months.

Nevertheless, the disparity between what Defendant's sentence was in 1999 and what it would be today does not authorize the court to grant his motion for compassionate release. First, and as Defendant concedes, the First Step Act expressly states that its amendment to the sentencing provisions of § 924(c) is not retroactive. *See* First Step Act § 403(a). Specifically, § 403 states, "This section, and the amendments made by this section, shall apply to any offense that was committed before the date of enactment of

this Act, *if a sentence for the offense has not been imposed as of such date of enactment.*"  *Id.* § 403(b) (emphasis added).  In other words, the amended version of § 924(c) does not apply retroactively to defendants who already have been sentenced as of the date the amendment was enacted. *See United States v. Smith*, 967 F.3d 1196, 1212 (11th Cir. 2020) ("There is no ambiguity in § 403(b).  It plainly draws a line based on the Act's enactment date and provides that whether the amendments in § 403(a) apply to a case depends on which side of that line the imposition of the sentence falls."), *cert. denied*, 141 S. Ct. 2538 (2021).  Thus, Defendant's compassionate release is not directly authorized by the First Step Act's amendment to § 924(c).

Neither does the amendment to § 924(c) indirectly authorize a sentence reduction in Defendant's case pursuant to the compassionate release provisions of § 3582(c).  As discussed, this Court held in *Bryant* that a court may only reduce a defendant's sentence under § 3582(c) based on one of the "extraordinary and compelling" reasons set out in the applicable Guidelines policy statement—that is, a qualifying medical condition, advanced age, or family circumstances requiring the defendant to act as a caretaker to a minor child, spouse, or registered partner. *See Bryant*, 996 F.3d at 1265 ("Because [the defendant's] motion does not fall within any of the reasons that 1B1.13 identifies as extraordinary and compelling, the district court correctly denied his motion for a reduction of his sentence." (quotation marks omitted)).  Defendant did not claim—nor provide any support for a claim—that he should be

released on any of these qualifying grounds. Furthermore, Defendant's argument that the district court nevertheless should have granted his § 3582(c) motion based on the First Step Act's expressly non-retroactive amendment to § 924(c) is foreclosed by this Court's binding precedent in *Bryant*. *See id.*

## CONCLUSION

As the movant, Defendant had the burden of establishing his entitlement to early release under § 3582(c). *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013). The district court correctly held that Defendant failed to meet that burden here. The court's order denying Defendant's § 3582(c) motion is thus **AFFIRMED.**